UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE


CIVIL ACTION NO. 3:12-CV-00531-H


KY SOLUTIONS CORPORATION
d/b/a MISC                                                                              PLAINTIFF

V.

PLASTIC SYSTEMS, LLC                                                        DEFENDANT


**MEMORANDUM OPINION AND ORDER**

Plaintiff moves to remand this action to Kentucky's Bullitt County Circuit Court, following Defendant's removal to this Court on the basis of diversity jurisdiction.  Having considered the parties' submissions and relevant law, the Court denies Plaintiff's Motion to Remand because Defendant has sufficiently established diversity of citizenship.  In addition, the Court denies Defendant's request for attorney fees and expenses incurred as a result of the improper remand motion.

I.

Plaintiff, KY Solutions Corporation, is a Kentucky corporation, with its principal place of business located in Mason, Ohio.  Defendant, Plastic Systems, LLC, is a Michigan limited liability company.  Plaintiff brought suit in Bullitt County Circuit Court alleging claims of breach of contract, unjust enrichment, action on account and promissory estoppel.  Plaintiff seeks damages in an amount exceeding $119,817.00.  Defendant filed a Notice of Removal to the United States District Court for the Western District of Kentucky pursuant to 28 U.S.C. § 1332(a), as the amount in controversy exceeds $75,000 and complete diversity exists between the parties.  Plaintiff moved to remand claiming Defendant has failed to meet its burden of establishing complete diversity of the parties.

Specifically, Plaintiff alleges Defendant is a citizen of Ohio because Defendant is registered in Ohio as a foreign limited liability company. As such, Plaintiff argues diversity does not exist because both parties to the litigation are citizens of Ohio. In response, Defendant maintains its foreign LLC registration does not render it an Ohio citizen. Additionally, Defendant asks for an award of attorney fees and costs incurred with defending the Motion to Remand, pursuant to Federal Rule of Civil Procedure 11.

II.

Federal courts are courts of limited jurisdiction, and the law presumes "that a cause lies outside this limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Defendants have a statutory right to remove a civil action filed in state court to a federal district court when the federal court has original jurisdiction, *i.e.*, diversity jurisdiction. 28 U.S.C. § 1441. Diversity jurisdiction exists when the action is between citizens of different states and the amount in controversy exceeds $75,000.00. 28 U.S.C § 1332(a). If the federal court lacks subject matter jurisdiction and no other basis for federal jurisdiction exists, remand is mandatory. The parties do not dispute that the amount in controversy exceeds the statutory requisite of $75,000.00. Therefore, for purposes of diversity jurisdiction, the only issue is whether complete diversity exists between the parties.

The diversity of citizenship statute provides that a corporation is a dual citizen of the state of incorporation and the state where the corporation maintains its principal place of business. 28 U.S.C. § 1332(c)(1). However, this rule is not applicable to non-corporate entities, such as a limited liability company. *Underwriters at Lloyd's, London v. Osting-Schwinn*, 613 F.3d 1079, 1086 (11th Cir. 2010)("For well over a century, federal law has drawn a sharp distinction between corporations

2

and virtually every other form of association for purposes of determining diversity of citizenship."). Rather, unincorporated entities carry the citizenship of their members. *Haak Motors LLC v. Arangio*, 670 F.Supp.2d 430, 431 n.1 (D. Md. 2009)(citing *Carden v. Arkoma Assoc.*, 494 U.S. 185, 190 (1990)).

Here, Plaintiff is a citizen of both Kentucky and Ohio, as its state of incorporation is Kentucky and its principal place of business is located in Ohio. Plaintiff argues federal diversity jurisdiction does not exist because Defendant is an Ohio citizen. However, Plaintiff's argument, that Defendant is an Ohio citizen by virtue of its registration in Ohio as a foreign limited liability company, is misguided. An entity conducting business in one state while incorporated in another is considered a foreign business entity, or in this instance, a foreign LLC. Ohio requires foreign business entities, with the exception of national banks, *Citibank v. Eckmeyer*, 2009 WL 1452614 (Ohio Ct. App. 2009), to register as such to do business in Ohio. OHIO REV. CODE ANN. § 1703.03 (2012). Once registration is complete, Ohio issues a license that permits the entity to conduct business in the state. However, the license does not confer citizenship for purposes of diversity jurisdiction. *See Allstate Ins. Co. v. Fields*, 381 F.Supp.2d 671, 674 (N.D. Ohio 2005). Therefore, Defendant is not a citizen of Ohio. Rather, Defendant is a Michigan citizen for purposes of diversity jurisdiction because all four members of Plastic Systems, LLC are citizens of Michigan.

Based upon this analysis, this Court maintains federal diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332.

III.

Defendant asks the Court to award it attorney fees and costs associated with defending Plaintiff's Motion to Remand.  Defendant argues "the law is well-established in regards to citizenship of unincorporated associations" and Plaintiff's argument was therefore frivolous.[1]  Under Federal Rule of Civil Procedure 11, the attorney's signature, which is required on every pleading, motion, or other submitted document constitutes a certification by the attorney that the contents of the filing are not frivolous and are based upon reasonable inquiry.  Fed. R. Civ. P. 11.  Violations of this rule may result in sanction.  The relevant inquiry under Rule 11 is whether the litigant's conduct was reasonable under the circumstances.  *Davis v. Crush*, 862 F.2d 84, 88 (6th Cir. 1988).  "Judges . . . should impose sanctions on lawyers for their mode of advocacy only in the most egregious situations, lest lawyers be deterred from vigorous representation of their clients." *United Nat. Inc. Co. v. R&D Latex Corp.*, 242 F.3d 1102, 1115 (9th Cir. 2001).

In this case, the Court finds Plaintiff is not liable for a Rule 11 violation.  Though it is a close call, Plaintiff's argument is not completely devoid of legal merit.  The Court understands the dynamic nature of corporate law and that permutations of business entities are conceived of unremittingly.  The circumstances do not strike the court as so legally unreasonable and egregious to warrant imposition of attorney fees.

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Plaintiff KY Solutions Corporation's Motion to Remand

---

[1] The decision of whether to award attorney fees is within the trial court's discretion.  Ordinarily, courts will do so when a contract or statute specifically allows for the payment of attorney fees by the other side.  There is a statute that directs courts to award attorney fees when a party makes an unsupported removal petition. *See* 28 U.S.C. § 1447(c) (providing that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal").  However, there is no statute on point providing attorney fees stemming from improper motions to remand.

4

is DENIED.

IT IS FURTHER ORDERED that Defendant Plastic Systems, LLC's request for attorney fees and costs is DENIED.

cc:     Counsel of Record